FILED

FEB 1 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Linda Nickerson,            )
                            )
          Petitioner,       )
                            )
     v.                     )        Civil Action No. *14- 233*
                            )
                            )
United States of America *et al.*,   )
                            )
          Respondents.      )

MEMORANDUM OPINION

The petitioner, proceeding *pro se*, has submitted a form captioned "Petition Under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," along with an

application to proceed *in forma pauperis*. The Court will grant the application to proceed *in*

*forma pauperis* and will dismiss the case for lack of jurisdiction.

The petitioner is a North Carolina state prisoner incarcerated at the Maury Correctional

Institution in Maury, North Carolina. The petitioner has handwritten "Complaint" on the first

page of the petition but states that she is challenging a conviction entered by the "U.S. District

Court Eastern District N.C." on February 26, 2007. Pet. ¶¶ 1, 2. As her sole ground for relief,

the petitioner states: "District Judge granted respondent's request for summary judgment," *id.*

¶ 12, and the supporting facts fault the judge for having "failed to cite curable defects, plaguing

colorable pro-se innocence claim and allow fair opportunity to amend, and order dismissal," *id.*

The scant information contained in the petition is confusing but suggests that the

petitioner is seeking review of a state conviction. Federal court review of state convictions is

available under 28 U.S.C. § 2254 after the exhaustion of available state remedies. *See* 28 U.S.C.

1



3

§2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [the petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Since nothing in the petition links the petitioner's custody to the District of Columbia, this Court lacks authority to entertain the petitioner's habeas application. In addition, to the extent that the petitioner is seeking review of the denial of relief by the United States District Court for the Eastern District of North Carolina, *see* Pet. ¶ 12, jurisdiction is wanting because this Court is not a reviewing court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Because the petitioner has no recourse in the District of Columbia, this action will be dismissed.[1]

United States District Judge

Date: January 28, 2014

---

[1] A separate Order accompanies this Memorandum Opinion.